UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                  :

PAL, *et al.*,                         :

                      Plaintiffs,     :

           – against –          :      14-cv-00301 (TPG)

SANDAL WOOD BAR N GRILL INC., *et*  :      **OPINION**
*al.*,                               :

                      Defendants.   :

------------------------------------------------x

This is a wage-and-hour action brought by busboys, food runners, and "captains" at Mint Restaurant & Lounge. Plaintiffs allege that, *inter alia*, defendants misappropriated tips from the restaurant's tip pool in violation of the Fair Labor Standards Act and New York Labor Law. Plaintiffs request that the court: (1) conditionally certify this action as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, (2) authorize the issuance of their proposed notice to potential class members; and (3) order defendants to provide contact information for all persons employed since January 13, 2008 and post notice of this action in defendants' restaurant.

The court grants plaintiffs' motion, but will require changes to the proposed notice and decline to order disclosure of certain types of employee contact information.

## A. Whether to Approve Plaintiffs' Motion for Conditional Collective Action Certification.

The FLSA allows employees to proceed collectively against an employer alleged to have violated its provisions. See 29 U.S.C. § 216(b). Courts in this circuit use a two-step approach in deciding a motion to certify collective action. Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010). First, the court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. at 554–55. The plaintiff's burden at this preliminary stage is low, requiring only a "modest factual showing" that they were victims of a common policy violating the law. Id. at 555. The court need not evaluate the underlying merits of the plaintiffs' claims. Indergit v. Rite Aid Corp., No. 08-CV-9361 (PGG), 201 WL 2465488, at *4 (S.D.N.Y. June 16, 2010). Once potential plaintiffs have opted in to the action, the court will then move to the second stage and, upon reviewing the fuller record, determine whether it is appropriate to proceed collectively. Myers, 624 F.3d at 555.

Plaintiffs have satisfied their modest burden in showing that they and other potential claimants were victims of a common illegal policy. Through their pleadings and sworn declarations, they have shown that service employees at defendants' restaurant were victims of a common policy denying them certain wages and withholding a portion of their tips in violation of state and federal law. See, e.g., Regmi Decl. at 15 ("I know

that the other tipped employees . . . . were also paid less than the full minimum wage, were also consistently not paid for all hours they worked, and were also consistently not paid any overtime wages when they worked more than 40 hours in a week.").

Defendants argue that they did not violate any federal or state labor laws, but did in fact pay full wages and never misappropriated plaintiffs' tips. This argument is inapposite to the instant motion because it goes to the underlying merit of plaintiffs' claims. It does nothing to challenge the suitability of this action for collective treatment. Moreover, while defendants do make arguments against allowing plaintiffs to proceed collectively, these arguments are wholly unpersuasive. For example, defendants argue that "many of the named Plaintiffs had different job duties and responsibilities, including managerial responsibilities, making them entirely inappropriate representatives of the collective." Def. Mem. L. Opp. at 11. They suggest that plaintiffs have ignored the fact that food servers are different from food runners, and that bussers are different from bartenders. Id. This argument misconstrues the plaintiffs' burden. Plaintiffs are not required to show that they held identical or even closely similar duties to other potential class members. Rather, plaintiffs need only make a modest showing that they and other employees were subject to a *common illegal policy*. Myers, 624 F.3d at 555. They have made that showing here.

- 3 -

Plaintiffs' motion for conditional collective action certification is granted. They have made a sufficient showing at this stage that they and putative class members were victims of the same illegal employment policies.

**B. The Proposed Notice to Potential Class Members.**

After conditionally certifying a group of FLSA plaintiffs, the court has discretion to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and their opportunity to join the litigation as represented class members. Id. at 554. Plaintiffs have submitted a proposed notice with provisions that: (1) direct questions concerning the lawsuit to plaintiffs' counsel; (2) provide that plaintiffs' counsel will manage the notice process; and (3) apply to all tipped employees at Mint Restaurant & Lounge employed after January 13, 2008. See Dkt. 16-1. Plaintiffs also request the court: (4) order defendants to produce collective members' dates of birth, telephone numbers, email addresses and social security numbers. Defendants oppose each of these proposals, and suggest adding a provision to the notice informing putative collective members that they may be required to participate in pre-trial discovery. Defs.' Mem. Opp. at 14.

The court approves the portion of plaintiffs' proposed notice directing questions to plaintiffs' counsel and allowing plaintiffs' counsel to manage the notice process. Defendants argue that this would discourage putative class members from seeking outside counsel. However, the

- 4 -

proposed notice contains a paragraph labeled "Should I get my own lawyer?" that clearly indicates to potential plaintiffs that they may hire outside counsel. See Dkt. 16-1 ¶ 14. Thus, allowing plaintiffs' counsel to manage the notice process creates little risk that opt-in plaintiffs will be discouraged from seeking outside counsel. See, e.g., Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009).

The court limits notice to persons employed at Mint after January 16, 2011. Plaintiffs have proposed sending notice to employees as far back as 2008. However, the statute of limitations for willful violations of the FLSA is three years. 29 U.S.C. § 255(a). While the statutes of limitations on plaintiffs' state law claims are longer, see, e.g., N.Y. Lab. Law § 198(3), the court will lack supplemental jurisdiction over those older claims given the absence of federal claims. LeGrand v. Educ. Mgmt. Corp., No. 03-CV-9798(HB)(HBP), 2004 WL 1962076, at *3 n.2 (S.D.N.Y. Sept. 2, 2004). The only basis for jurisdiction over those older claims would be diversity of citizenship. See id. However, plaintiffs have not alleged that there is diversity of the parties. See Compl. ¶¶ 4–20. Thus, the court limits notice to persons employed at Mint after January 16, 2011.

Plaintiffs go too far in asking the court to order defendants to provide employee social security numbers and dates of birth. In managing the notice process, courts routinely order employers to provide contact information for potential plaintiffs. See, e.g., Chhab v. Darden Restaurants, Inc., No. 11-CV-8345(NRB), 2013 WL 5308004, at *17

(S.D.N.Y. Sept. 20, 2013). However, this court has been reluctant to order disclosure of social security numbers where other means of identification are available, given the sensitivity of such information. See Weng Long Liu v. Rong Shing, Inc., No. 12-CV-7136 (TPG), 2014 WL 1244676, at *3 (S.D.N.Y. Mar. 26, 2014) (Griesa, J.). Disclosure of potential plaintiffs' social security numbers and dates of birth raises privacy concerns, and is unnecessary absent a showing that other forms of identification will be insufficient. See Li v. Qiu Jian Lin, No. 10-CV-8454(RLE), 2011 WL 2848417, at *2 (S.D.N.Y. July 18, 2011). Thus, plaintiffs' request for an order directing defendants to disclose employee contact information is granted only in part. Defendants will only be required to disclose addresses, phone numbers, email addresses, dates and locations of employment, positions held, and rates of pay.

Plaintiffs' request that notice of the action be posted in defendants' restaurant is denied. This court has occasionally approved such requests, Cheng Chung Liang v. J.C. Broadway Rest., Inc., No. 12 CIV. 1054, 2013 WL 2284882, at *2 (S.D.N.Y. May 23, 2013) (Griesa, J.), but has denied them where defendants show that other means will be sufficient to notify potential plaintiffs of the lawsuit. Chhab, 2013 WL 5308004, at *17 (Griesa, J.). Since defendants will be required to provide plaintiffs with contact information for past and current employees, posting of notice at the restaurant is unnecessary at this stage. Plaintiffs' request is denied

without prejudice to renewal should other forms of notification prove ineffective.

Finally, defendants request that the proposed notice be modified to inform potential plaintiffs of the burdens involved in litigation. Courts often reject such provisions because they create a risk, however slight, of discouraging potential class members from participating in the litigation. Schwerdtfeger v. Demarchelier Mgmt., Inc., No. 10-CIV-7557(JGK), 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011). This court sees no need to modify the proposed notice as defendants suggest. Defendants' proposal to include a provision in the notice warning plaintiffs of the burdens involved in litigating the case is denied.

Conclusion

For the reasons given, plaintiffs' motion for conditional collective action certification is granted. Plaintiffs' proposed notice to potential class members is approved in part, but is modified to limit notice to those employed after January 16, 2011. Defendants are ordered to provide plaintiffs with the employee contact information requested, except that defendants are not required to provide social security numbers and dates of birth. Moreover, defendants are not required to post notice of the lawsuit in their restaurant. Finally, defendants' request to modify the notice to include a provision informing potential plaintiffs of the burdens of litigation is denied.

This opinion resolves the item listed as document number 14 in this case.

SO ORDERED

Dated:  New York, New York
        January 15, 2015

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/15